IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AT&T CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 04-1412 SLR |
| v. | ) | |
| | ) | |
| NASRIN SERVICES, LLC; and JOHN DOES (1-10), representing various individuals and entities whose names and addresses are presently unknown, | ) ) ) ) | |
| | ) | |
| Defendants | ) | |

## ANSWER

Defendant Nasrin Services, LLC ("Nasrin" or "Defendant"), by and through its attorneys, as and for its Answer to Plaintiff's First Amended Complaint (the "Complaint") admits, denies and avers as follows:

## PARTIES

1   Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in paragraph 1 of the Complaint

2   The allegations in paragraph 2 are admitted.

3   Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in paragraph 3 of the Complaint

## JURISDICTION

4   Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in paragraph 4 of the Complaint

-1-

## VENUE

5    Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in paragraph 5 of the Complaint

## FACTS COMMON TO ALL COUNTS

6.   Defendant admits only that it utilized AT&T for telecommunications services The remaining allegations in paragraph 6 are characterizations of written agreements and Nasrin refers the Court to the full text of the agreements for a true and complete statement thereof  The remaining allegations, if any, in paragraph 6 are denied

7    The allegations in paragraph 7 call for a legal conclusion and, therefore, no response is required  To the extent the allegations in paragraph 7 set forth facts requiring a response, such allegations are denied

8    Defendant admits only that plaintiff sent it a bill in the amount of $193,904.24 The remaining allegations in paragraph 8 are denied.

## FIRST COUNT

9    Nasrin incorporates its responses to paragraphs 1-8 as though fully set forth herein

10   The allegations in paragraph 10 call for a legal conclusion and, therefore, no response is required  To the extent the allegations in paragraph 10 set forth facts requiring a response, such allegations are denied

## SECOND COUNT

11   Nasrin incorporates its responses to paragraphs 1-10 as though fully set forth herein

12.     The allegations in paragraph 12 call for a legal conclusion and, therefore, no response is required. To the extent the allegations in paragraph 12 set forth facts requiring a response, such allegations are denied.

### THIRD COUNT

13.     Nasrin incorporates its responses to paragraphs 1-12 as though fully set forth herein.

14.     The allegations in second numbered paragraph 12 are denied.

### FOURTH COUNT

15.     Nasrin incorporates its responses to paragraphs 1-14 as though fully set forth herein.

16.     Defendant admits only that Plaintiff has filed its Complaint. The remaining allegations in paragraph 14 are denied.

### FIFTH COUNT

17.     Nasrin incorporates its responses to paragraphs 1-16 as though fully set forth herein.

18.     The allegations in paragraph 16 call for a legal conclusion and, therefore, no response is required. To the extent the allegations in paragraph 16 set forth facts requiring a response, such allegations are denied.

### SIXTH COUNT

19.     Nasrin incorporates its responses to paragraphs 1-18 as though fully set forth herein.

20    The allegations in paragraph 18 call for a legal conclusion and, therefore, no response is required  To the extent the allegations in paragraph 18 set forth facts requiring a response, such allegations are denied

21    Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the stated value of services allegedly provided as alleged in paragraph 19  The remaining allegations in paragraph 19 are denied

22    The allegations in paragraph 20 are denied

23    The allegations in paragraph 21 are denied

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations

### THIRD AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off against any amounts allegedly owed for credits improperly withheld

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief because it has no damages

**WHEREFORE**, Defendant Nasrin Services, LLC respectfully requests that this Court:

a    Dismiss the Complaint, and all its counts, with prejudice and enter judgment in favor of Defendant;

b    Award Defendant costs and expenses to the extent permitted by law; and

-5-

  c  Grant Defendant such other and further relief as the Court shall deem just and appropriate.


                */s/ Kelly E. Farnan*
                C. Malcolm Cochran, IV (#2377)
                (cochran@rlf.com)
                Kelly E. Farnan (#4395)
                (farnan@rlf.com)
                Richards, Layton & Finger
                One Rodney Square
                P.O. Box 551
                Wilmington, DE 19899

                Attorneys for Defendant Nasrin Services, LLC

Dated: April 13, 2005

# CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filings, and hand delivered, to the following:

>Charles J. Brown, III
>Elzufon, Austin, Reardon, Tarlov & Mondell, P.A.
>300 Delaware Avenue, Suite 1700
>Wilmington, Delaware 19801

I hereby certify that on April 13, 2005 I transmitted the foregoing document by Federal Express to the following non-registered participants:

>George E. Patterson, Jr., Esq.
>Lowenstein Sandler PC
>65 Livingston Avenue
>Roseland, NJ 08068

*Kelly E. Farnan*
Kelly E. Farnan (#4395)
Farnan@RLF.com