# RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

KELLY E. FARNAN

DIRECT DIAL NUMBER
302-651-7705
FARNAN@RLF.COM

June 6, 2005

**VIA E-FILING AND HAND DELIVERY**

The Honorable Sue L. Robinson
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

      Re:    <u>AT&T Corp. v. Nasrin Services, LLC, C.A. No. 04-1412</u>

Dear Chief Judge Robinson:

      Enclosed is a Scheduling Order reflecting the dates agreed upon by the parties and discussed with Your Honor during the scheduling conference conducted in this matter today.

      If Your Honor has any questions regarding the Scheduling Order, counsel remains available at the Court's convenience.

Respectfully,

*Kelly E. Farnan*

Kelly E. Farnan (#4395)

KEF:kef
Enclosure
cc:    Charles J. Brown, III, Esquire (via hand delivery)

RLF1-2883924-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AT&T CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 04-1412 SLR |
| v. ) | |
| ) | |
| NASRIN SERVICES, LLC; and JOHN DOES ) | |
| (1-10), representing various individuals and ) | |
| entities whose names and addresses are ) | |
| presently unknown, ) | |
| ) | |
| Defendants ) | |

## SCHEDULING ORDER

This ____ day of June, 2005, the plaintiff, AT&T Corp. ("AT&T"), and the defendant, Nasrin Services, LLC ("Nasrin"), having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b),

IT IS ORDERED that:

1     **Pre-Discovery Disclosures.** The parties will exchange by **June 24, 2005** the information required by Fed. R. Civ. P. 26(a)(i) and D. Del. LR 16.2

2     **Discovery.**

(a)     After conferring, the parties have identified the following subjects upon which one or both of them will seek discovery:

        (i)     The services provided by AT&T to Nasrin;

        (ii)     Invoicing for services and credits or adjustments thereto provided by AT&T to Nasrin;

        (iii)     The business downturn clause;

-1-

(iv)   AT&T's billing procedures;

(v)    AT&T's procedures and practices regarding credits and adjustments;

(vi)   AT&T's obligations under the Contracts; and

(vii)  The amount of AT&T's claimed damages.

The parties expressly reserve their right to object to any of the aforementioned discovery and seek discovery on other topics necessary to prepare this matter for trial.

(b) All discovery shall be commenced in time to be completed by **January 31, 2006**.

(c) There shall be a maximum of 25 interrogatories to propounded by each party to any other party. However, the parties expressly reserve the right to move the Court for permission to propound additional interrogatories should they deem it necessary as the case progresses.

(d) There shall be a maximum of 25 requests for admission propounded by each party to any other party. However, the parties expressly reserve the right to move the Court for permission to propound additional requests for admission should they deem it necessary as the case progresses.

(e) There shall be a maximum of 5 depositions by AT&T and 5 depositions by Nasrin. However, the parties expressly reserve the right to move the Court for permission to take additional depositions or agree that additional depositions be taken should they deem it necessary as the case progresses.

(f) Each deposition is limited to a maximum of one day of 7 hours unless extended by agreement of the parties.

-3-

(g)     Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof are due by **October 14, 2005**. Rebuttal expert reports due by **November 11, 2005**. All Daubert motions due by **February 28, 2006**.

(h)     Supplementations under Rule 26(e) due by **March 10, 2006**.

(i)     **Discovery Disputes.** Any discovery dispute shall be submitted to the Court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to **two (2) Rule 37 motions**. The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3.     **Joinder of other Parties, Amendment of Pleadings, and Class Certification.** All motions to join other parties, amend the pleadings, and certify a class action shall be filed on or before **August 15, 2005.**

4.     **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of a settlement.

5.     **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to chambers. **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

6.     **Motions in Limine.** All motions in limine shall be filed by March 6, 2006. All responses to said motions shall be filed by March 13, 2006.

7.     **Pretrial Conference.** A pretrial conference will be held on March 20, 2006 at 4:30 p.m. in Courtroom 6B, Sixth Floor Federal Building, 844 King Street, Wilmington,

-4-

Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

8. **Trial.** This matter is scheduled for a 5 day bench trial commencing on April 3, 2006 in Courtroom 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

										_____
										United States District Judge