IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AT&T CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 04-1412-SLR |
| v. | ) |
| | ) |
| NASRIN SERVICES, LLC.; and JOHN DOES | ) |
| (1-10), representing various individuals and | ) |
| entities whose names and addresses are | ) |
| presently unknown | ) |
| | ) |
| Defendants. | ) |
| | ) |

## NASRIN SERVICES, LLC's MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM[1]

Pursuant to Federal Rule of Civil Procedure 15 and District of Delaware Local Rule 15.1, Defendant Nasrin Services, LLC ("Nasrin" or "Defendant") moves for an order granting leave to file an amended answer and counterclaims. A copy of the proposed Amended Answer and Counterclaim and a copy noting the proposed changes are attached hereto as Exhibit A and Exhibit B respectively.

### STATEMENT OF FACTS

1. On February 18, 2005, AT&T Corp. ("AT&T" or "Plaintiff") filed its First amended Complaint[2] against Nasrin alleging Nasrin failed to pay invoices for telecommunications services totaling $193,904.24. (D.I. 3).

2. On April 13, 2005, Nasrin filed its Answer (D.I. 6) and raised the affirmative

---

[1] Nasrin submits the present motion in lieu of an opening brief, however, Nasrin specifically reserves the right to file a reply brief if necessary.

[2] AT&T filed its Complaint on October 29, 2004 but did not serve the Complaint on Nasrin. AT&T then filed its First Amended Complaint on February 18, 2005 and served Nasrin with the First Amended Complaint on February 22, 2005.

defenses of statute of limitations, set off, lack of damages and failure to state a claim. At the time Nasrin filed its Answer, it informed counsel for AT&T that it intended to file a counterclaim related to its set-off defense and credits owed to Nasrin. In the interim, Nasrin has been gathering the appropriate facts to assert a counterclaim. The parties have also been engaged in settlement discussions in an effort to resolve the dispute.

3. On June 7, 2005, the Court entered a Scheduling Order in this action. (D.I. 11). Pursuant to the Scheduling Order, the deadline to join other parties and amend the pleadings was August 15, 2005. On August 15, 2005 the parties filed a stipulation extending the deadline to join other parties and amend the pleadings to August 22, 2005. (D.I. 17). The Court approved the stipulation and issued an Order on August 17, 2005.

4. By the present motion, Nasrin seeks to amend the Answer to add claims for breach of contract and unjust enrichment, both of which are related to credits due on the invoices at issue in this litigation.

## ARGUMENT

### I. LEAVE TO AMEND SHOULD BE FREELY GRANTED.

5. Pursuant to Fed. R. Civ. P. 15(a), leave to amend pleadings "should be freely given when justice so requires." This Court has recognized that "absent any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave [to amend one's pleadings] should, as rules require, be freely given." *Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 732 (D. Del. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Indeed, the Third Circuit has explained that absent a clear reason such as delay, bad faith, or

prejudice, it is an abuse of discretion for a district court to deny leave to amend. *See Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Here, no such factors militate against granting leave to amend.

6. As more fully described in the Amended Answer and Counterclaim attached hereto as Exhibit A, AT&T agreed to negotiate with Nasrin if Nasrin properly invoked the business downturn clause. Nasrin properly invoked the business downturn clause and AT&T refused to negotiate in good faith to reduce Nasrin's rates so that Nasrin could offer competitively priced services to its customers. In addition, AT&T failed to apply certain credits that were due and owing to Nasrin on various invoices presented by AT&T.

## II. PLAINTIFF WILL NOT BE PREJUDICED BY THE PROPOSED AMENDMENT.

7. "Prejudice to the non-moving party is the touchstone for the denial of an amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). The burden to demonstrate prejudice squarely rests on the party opposing the amendment. *Kiser v. General Electric Corp.*, 831 F.2d 423, 428 (3d Cir. 1987). The filing of a motion to amend by the court-ordered deadline creates a "presumption of timeliness." *Inline Corp. v. Tricon Restaurants, Int'l*, 2002 WL 133185, at *1 (N.D. Tex. 2002).

8. AT&T cannot demonstrate that it will suffer any prejudice, let alone undue prejudice, from the proposed amendment. First, the amendment is within the deadline for amending pleadings set forth by this Court's Scheduling Order, as amended. Further, there is ample opportunity for fair and complete discovery of the allegations raised in the Amended Answer and Counterclaim. Discovery does not close until January 31, 2006. Neither party has conducted extensive discovery. The parties have exchanged initial disclosures and AT&T has produced one box of documents. Neither party has served written discovery requests and the

parties have not commenced deposition discovery. Since the proposed amendment is related in part to affirmative defenses already raised and there is sufficient time to conduct further discovery, AT&T cannot meet its burden of proving that it would be unduly prejudiced.

## CONCLUSION

9.  For the foregoing reasons, Nasrin respectfully requests that this Court enter an order granting leave to file the Amended Answer and Counterclaim attached hereto as Exhibit A.

*Kelly E. Farnan*
C. Malcolm Cochran, IV (#2377)
(cochran@rlf.com)
Kelly E. Farnan (#4395)
(farnan@rlf.com)
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Attorneys for Defendant Nasrin Services, LLC

Dated: August 22, 2005

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1

The undersigned hereby certifies that counsel for AT&T Corp. and Nasrin Services, LLC have conferred regarding Nasrin's motion to amend. Counsel for AT&T has informed Nasrin that AT&T is not currently in a position to consent to the relief sought in the motion.

*Kelly E. Farnan*
Kelly E. Farnan (#4395)
Farnan@rlf.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AT&T CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 04-1412-SLR |
| v. | ) |
| | ) |
| NASRIN SERVICES, LLC.; and JOHN DOES (1-10), representing various individuals and entities whose names and addresses are presently unknown | ) |
| | ) |
| Defendants | ) |

## ORDER

IT IS HEREBY ORDERED this ___ day of _____, 2005 that Defendant Nasrin Services LLC's motion to amend is GRANTED. The Amended Answer and Counterclaim is deemed served and filed as of the date of this Order.

_____
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filings, and hand delivered, to the following:

> Charles J. Brown, III, Esquire
> Elzufon, Austin, Reardon, Tarlov & Mondell, P.A.
> 300 Delaware Avenue, Suite 1700
> Wilmington, Delaware 19801

I hereby certify that on August 22, 2005, I transmitted the foregoing document by telecopy to the following non-registered participants:

> George E. Patterson, Jr., Esquire
> Lowenstein Sandler PC
> 65 Livingston Avenue
> Roseland, NJ 07068

Kelly E. Farnan (#4395)
Farnan@RLF.com