# EXHIBIT A

RLF1-2834345-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AT&T CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 04-1412 SLR |
| v. | ) | |
| | ) | |
| NASRIN SERVICES, LLC.; and JOHN DOES (1-10), representing various individuals and entities whose names and addresses are presently unknown, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED ANSWER AND COUNTERCLAIM

Defendant Nasrin Services, LLC ("Nasrin" or "Defendant"), by and through its attorneys, as and for its Answer to Plaintiff's First Amended Complaint (the "Complaint") admits, denies and avers as follows:

### PARTIES

1.  Defendant admits, upon information and belief, the allegations contained in paragraph 1 of the Complaint.

2.  The allegations in paragraph 2 are admitted.

3.  Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in paragraph 3 of the Complaint.

### JURISDICTION

4.  The allegations in paragraph 4 are admitted.

### VENUE

5.  Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in paragraph 5 of the Complaint.

## FACTS COMMON TO ALL COUNTS

6. Defendant admits only that it utilized AT&T for telecommunications services. The remaining allegations in paragraph 6 are characterizations of written agreements and Nasrin refers the Court to the full text of the agreements for a true and complete statement thereof. The remaining allegations, if any, in paragraph 6 are denied.

7. The allegations in paragraph 7 call for a legal conclusion and, therefore, no response is required. To the extent the allegations in paragraph 7 set forth facts requiring a response, such allegations are denied.

8. Defendant admits only that plaintiff sent it a bill in the amount of $193,904.24. The remaining allegations in paragraph 8 are denied.

## FIRST COUNT

9. Nasrin incorporates its responses to paragraphs 1-8 as though fully set forth herein.

10. The allegations in paragraph 10 call for a legal conclusion and, therefore, no response is required. To the extent the allegations in paragraph 10 set forth facts requiring a response, such allegations are denied.

## SECOND COUNT

11. Nasrin incorporates its responses to paragraphs 1-10 as though fully set forth herein.

12. The allegations in paragraph 12 call for a legal conclusion and, therefore, no response is required. To the extent the allegations in paragraph 12 set forth facts requiring a response, such allegations are denied.

## THIRD COUNT

13. Nasrin incorporates its responses to paragraphs 1-12 as though fully set forth herein.

14. The allegations in second numbered paragraph 12 are denied.

## FOURTH COUNT

15. Nasrin incorporates its responses to paragraphs 1-14 as though fully set forth herein.

16. Defendant admits only that Plaintiff has filed its Complaint. The remaining allegations in paragraph 14 are denied.

## FIFTH COUNT

17. Nasrin incorporates its responses to paragraphs 1-16 as though fully set forth herein.

18. The allegations in paragraph 16 call for a legal conclusion and, therefore, no response is required. To the extent the allegations in paragraph 16 set forth facts requiring a response, such allegations are denied.

## SIXTH COUNT

19. Nasrin incorporates its responses to paragraphs 1-18 as though fully set forth herein.

20. The allegations in paragraph 18 call for a legal conclusion and, therefore, no response is required. To the extent the allegations in paragraph 18 set forth facts requiring a response, such allegations are denied.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the stated value of services allegedly provided as alleged in paragraph 19. The remaining allegations in paragraph 19 are denied.

22. The allegations in paragraph 20 are denied.

23. The allegations in paragraph 21 are denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off against any amounts allegedly owed for credits improperly withheld.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief because it has no damages.

## COUNTERCLAIM

Nasrin Services, LLC ("Nasrin" or "Counterclaim Plaintiff"), by and through its counsel, brings counterclaims for breach of contract and unjust enrichment against AT&T Corp. ("AT&T" or "Counterclaim Defendant").

## PARTIES

1. Upon information and belief, AT&T is a corporation organized and existing under the laws of the State of New York with its principal place of business in the State of New Jersey.

2. Nasrin is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Alpharetta, Georgia.

## JURISDICTION

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## FACTS

4. AT&T entered into a series of contracts which included Contract Tariffs and Custom Offer Orders (collectively, the "Contracts") with Nasrin, a communications reseller.

5. The Contracts included a "business downturn clause," pursuant to which AT&T agreed to renegotiate pricing with Nasrin in order to maintain Nasrin's communications business.

6. The business downturn clause, executed on August 10, 1999 states in pertinent part:

> In the event of a business downturn beyond [Nasrin's] control...which significantly reduces the volume of network services required by [Nasrin], with the result that [Nasrin] will be unable to meet its revenue and/or volume commitments under this Agreement (notwithstanding [Nasrin's] best efforts to avoid such a shortfall), AT&T and [Nasrin] will cooperate in efforts to develop a mutually agreeable alternative proposal that will satisfy the concerns of both parties...

7. Nasrin properly invoked the business downturn clause. AT&T refused to negotiate adjustments in price with Nasrin as it was required to do pursuant to the business downturn clause. Further, AT&T refused to negotiate in good faith to address Nasrin's concerns over lost business attributable to AT&T.

8. AT&T refused to give Nasrin credits it was entitled to as a result of AT&T's failure to negotiate in good faith pursuant to the business downturn clause.

9. Pursuant to the Contracts, AT&T was obligated to provide a minimum level of service to Nasrin.

10. On numerous occasions, AT&T's services failed, causing a loss to Nasrin. AT&T continued to bill Nasrin for services allegedly rendered when AT&T's networks were not operating.

## COUNT I- BREACH OF CONTRACT

11. Nasrin repeats and realleges each and every allegation set forth in paragraphs 1-10 as though fully set forth herein.

12. AT&T agreed to negotiate rate reductions with Nasrin in good faith upon Nasrin invoking the business downturn clause.

13. Nasrin properly invoked the business downturn clause and, when refused, properly procured communications services from other companies.

14. By refusing to negotiate with Nasrin in good faith, AT&T breached the Contracts.

15. As a direct result of AT&T's breach, Nasrin was injured in an amount to be determined at trial.

## COUNT II- BREACH OF CONTRACT

16.     Nasrin repeats and realleges each and every allegation set forth in paragraphs 1-15 as though fully set forth herein.

17.     Over the term of the Contracts, AT&T has billed Nasrin for services that Nasrin did not receive. Specifically, AT&T failed to reimburse Nasrin for ISDN charges when AT&T's networks and services were not operating.

18.     AT&T has refused to give Nasrin credits for amounts owed to Nasrin as a result of failures in AT&T's communications systems.

19.     By improperly billing Nasrin and improperly withholding credits for failed services, AT&T has breach the Contract.

20.     As a direct result of AT&T's breach, Nasrin has been injured in an amount to be determined at trial, but not less than $125,000.

## COUNT III- UNJUST ENRICHMENT

21.     Nasrin repeats and realleges each and every allegation set forth in paragraphs 1-20 as though fully set forth herein.

18.     AT&T failed to give credits to Nasrin as a result of failures in AT&T's systems for which Nasrin was not obligated to pay.

20.     AT&T did not deliver any services to Nasrin in exchange for Nasrin's payments totaling at least $125,000.

21.     AT&T has been unjustly enriched in amount to be determined at trial, but not less than $125,000.

**WHEREFORE**, Defendant Nasrin Services, LLC respectfully requests that this Court:

a. Dismiss the Complaint, and all its counts, with prejudice and enter judgment in favor of Defendant/Counterclaim Plaintiff;

b. Award Defendant/Counterclaim Plaintiff damages in an amount to be determined at trial but not less than $125,000 on its Counterclaims;

c. Award Defendant/Counterclaim Plaintiff costs, expenses and pre- and post-judgment interest to the extent permitted by law; and

d. Grant Defendant/Counterclaim Plaintiff such other and further relief as the Court shall deem just and appropriate.

*/s/ Kelly E. Farnan*
C. Malcolm Cochran, IV (#2377)
(cochran@rlf.com)
Kelly E. Farnan (#4395)
(farnan@rlf.com)
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Attorneys for Defendant Nasrin Services, LLC

Dated: August 22, 2005

# EXHIBIT B

RLF1-2834345-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AT&T CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 04-1412 SLR |
| v. | ) |
| | ) |
| NASRIN SERVICES, LLC.; and JOHN DOES | ) |
| (1-10), representing various individuals and | ) |
| entities whose names and addresses are | ) |
| presently unknown, | ) |
| | ) |
| Defendants. | ) |

## AMENDED ANSWER AND COUNTERCLAIM

Defendant Nasrin Services, LLC ("Nasrin" or "Defendant"), by and through its attorneys, as and for its Answer to Plaintiff's First Amended Complaint (the "Complaint") admits, denies and avers as follows:

### PARTIES

1. Defendant ~~is without sufficient knowledge or~~admits, upon information ~~to form a~~and belief ~~as to the truth or accuracy of~~, the allegations contained in paragraph 1 of the Complaint.

2. The allegations in paragraph 2 are admitted.

3. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in paragraph 3 of the Complaint.

### JURISDICTION

4. ~~Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the~~The allegations ~~contained~~ in paragraph 4 ~~of the Complaint~~are admitted.

-1-

## VENUE

5. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in paragraph 5 of the Complaint.

## FACTS COMMON TO ALL COUNTS

6. Defendant admits only that it utilized AT&T for telecommunications services. The remaining allegations in paragraph 6 are characterizations of written agreements and Nasrin refers the Court to the full text of the agreements for a true and complete statement thereof. The remaining allegations, if any, in paragraph 6 are denied.

7. The allegations in paragraph 7 call for a legal conclusion and, therefore, no response is required. To the extent the allegations in paragraph 7 set forth facts requiring a response, such allegations are denied.

8. Defendant admits only that plaintiff sent it a bill in the amount of $193,904.24. The remaining allegations in paragraph 8 are denied.

## FIRST COUNT

9. Nasrin incorporates its responses to paragraphs 1-8 as though fully set forth herein.

10. The allegations in paragraph 10 call for a legal conclusion and, therefore, no response is required. To the extent the allegations in paragraph 10 set forth facts requiring a response, such allegations are denied.

## SECOND COUNT

11. Nasrin incorporates its responses to paragraphs 1-10 as though fully set forth herein.

RLF1-2862683-1 2868038-2

12. The allegations in paragraph 12 call for a legal conclusion and, therefore, no response is required. To the extent the allegations in paragraph 12 set forth facts requiring a response, such allegations are denied.

### THIRD COUNT

13. Nasrin incorporates its responses to paragraphs 1-12 as though fully set forth herein.

14. The allegations in second numbered paragraph 12 are denied.

### FOURTH COUNT

15. Nasrin incorporates its responses to paragraphs 1-14 as though fully set forth herein.

16. Defendant admits only that Plaintiff has filed its Complaint. The remaining allegations in paragraph 14 are denied.

### FIFTH COUNT

17. Nasrin incorporates its responses to paragraphs 1-16 as though fully set forth herein.

18. The allegations in paragraph 16 call for a legal conclusion and, therefore, no response is required. To the extent the allegations in paragraph 16 set forth facts requiring a response, such allegations are denied.

### SIXTH COUNT

19. Nasrin incorporates its responses to paragraphs 1-18 as though fully set forth herein.

RLF1-2862683-12868038-2

-4-

20. The allegations in paragraph 18 call for a legal conclusion and, therefore, no response is required. To the extent the allegations in paragraph 18 set forth facts requiring a response, such allegations are denied.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the stated value of services allegedly provided as alleged in paragraph 19. The remaining allegations in paragraph 19 are denied.

22. The allegations in paragraph 20 are denied.

23. The allegations in paragraph 21 are denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off against any amounts allegedly owed for credits improperly withheld.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief because it has no damages.

# COUNTERCLAIM

Nasrin Services, LLC ("Nasrin" or "Counterclaim Plaintiff"), by and through its counsel, brings counterclaims for breach of contract and unjust enrichment against AT&T Corp. ("AT&T" or "Counterclaim Defendant").

## PARTIES

1. Upon information and belief, AT&T is a corporation organized and existing under the laws of the State of New York with its principal place of business in the State of New Jersey.

2. Nasrin is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Alpharetta, Georgia.

## JURISDICTION

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## FACTS

4. AT&T entered into a series of contracts which included Contract Tariffs and Custom Offer Orders (collectively, the "Contracts") with Nasrin, a communications reseller.

5. The Contracts included a "business downturn clause," pursuant to which AT&T agreed to renegotiate pricing with Nasrin in order to maintain Nasrin's communications business.

6. The business downturn clause, executed on August 10, 1999 states in pertinent part:

> In the event of a business downturn beyond [Nasrin's] control…which significantly reduces the volume of network services required by [Nasrin], with the result that [Nasrin] will be unable to meet its revenue and/or volume commitments under this Agreement (notwithstanding [Nasrin's] best efforts to avoid such a shortfall), AT&T and [Nasrin] will cooperate in efforts to develop a mutually agreeable alternative proposal that will satisfy the concerns of both parties…

7. Nasrin properly invoked the business downturn clause. AT&T refused to negotiate adjustments in price with Nasrin as it was required to do pursuant to the business downturn clause. Further, AT&T refused to negotiate in good faith to address Nasrin's concerns over lost business attributable to AT&T.

8. AT&T refused to give Nasrin credits it was entitled to as a result of AT&T's failure to negotiate in good faith pursuant to the business downturn clause.

9. Pursuant to the Contracts, AT&T was obligated to provide a minimum level of service to Nasrin.

10. On numerous occasions, AT&T's services failed, causing a loss to Nasrin. AT&T continued to bill Nasrin for services allegedly rendered when AT&T's networks were not operating.

## COUNT I- BREACH OF CONTRACT

11. Nasrin repeats and realleges each and every allegation set forth in paragraphs 1-10 as though fully set forth herein.

12. AT&T agreed to negotiate rate reductions with Nasrin in good faith upon Nasrin invoking the business downturn clause.

13. Nasrin properly invoked the business downturn clause and, when refused, properly procured communications services from other companies.

14. By refusing to negotiate with Nasrin in good faith, AT&T breached the Contracts.

15. As a direct result of AT&T's breach, Nasrin was injured in an amount to be determined at trial.

-6-

-7-

## COUNT II- BREACH OF CONTRACT

16. Nasrin repeats and realleges each and every allegation set forth in paragraphs 1-15 as though fully set forth herein.

17. Over the term of the Contracts, AT&T has billed Nasrin for services that Nasrin did not receive. Specifically, AT&T failed to reimburse Nasrin for ISDN charges when AT&T's networks and services were not operating.

18. AT&T has refused to give Nasrin credits for amounts owed to Nasrin as a result of failures in AT&T's communications systems.

19. By improperly billing Nasrin and improperly withholding credits for failed services, AT&T has breach the Contract.

20. As a direct result of AT&T's breach, Nasrin has been injured in an amount to be determined at trial, but not less than $125,000.

## COUNT III- UNJUST ENRICHMENT

21. Nasrin repeats and realleges each and every allegation set forth in paragraphs 1-20 as though fully set forth herein.

18. AT&T failed to give credits to Nasrin as a result of failures in AT&T's systems for which Nasrin was not obligated to pay.

20. AT&T did not deliver any services to Nasrin in exchange for Nasrin's payments totaling at least $125,000.

21. AT&T has been unjustly enriched in amount to be determined at trial, but not less than $125,000.

RLF1-2862683-12868038-2

**WHEREFORE**, Defendant Nasrin Services, LLC respectfully requests that this Court:

a. Dismiss the Complaint, and all its counts, with prejudice and enter judgment in favor of Defendant~~.~~/Counterclaim Plaintiff;

b. Award Defendant/Counterclaim Plaintiff damages in an amount to be determined at trial but not less than $125,000 on its Counterclaims;

c. Award Defendant/Counterclaim Plaintiff costs ~~and~~, expenses and pre- and post-judgment interest to the extent permitted by law; and

d. ~~c.~~ Grant Defendant/Counterclaim Plaintiff such other and further relief as the Court shall deem just and appropriate.

C. Malcolm Cochran, IV (#2377)
(cochran@rlf.com)
Kelly E. Farnan (#4395)
(farnan@rlf.com)
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Attorneys for Defendant Nasrin Services, LLC

Dated: ~~April 13,~~ August 22, 2005